**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**DENNIS J. LAWRENCE**                                                                   **PLAINTIFF**

**V.**                                        **CASE NO. 1:06CV00012-BD**

**JO ANNE B. BARNHART,**
**Commissioner, Social Security Administration**                        **DEFENDANT**

<u>**ORDER**</u>

Plaintiff Dennis J. Lawrence has appealed the final decision of the Commissioner of the

Social Security Administration (the "Commissioner") denying his claim for Disability Insurance

Benefits ("DIB") under Title II of the Social Security Act (the "Act").  For reasons that follow,

the decision of the Administrative Law Judge ("ALJ")[1] is affirmed.

I.      <u>Procedural History:</u>

Plaintiff filed an application for DIB on September 25, 2003, alleging that he became

disabled on August 1, 2002 (Tr. 45-47), as a result of back and leg problems that cause pain,

fainting, and as a result of heat strokes.  (Tr. 71)  The ALJ held a hearing on January 7, 2005, and

the Plaintiff appeared with his attorney.  The record was reopened on March 31, 2005, for the

purpose of receiving an additional exhibit, Exhibit 4F, the March 16, 2005 Evaluation and Report

of Harold H. Chakales, M.D., who performed a consultative orthopedic examination at the

request of the ALJ.  After giving Plaintiff the opportunity to respond to Dr. Chakales's

Evaluation and Report (Tr. 81-82), the ALJ issued a decision on July 25, 2005, denying Plaintiff

benefits.  (Tr. 14-18) Plaintiff filed the current Complaint for Review of Decision (Doc. # 2) on

March 13, 2006.

---

[1]  The Honorable Garry L. Brewer, Administrative Law Judge

II.     Findings of the ALJ:

The ALJ appropriately followed the five-step sequential analysis set out in the social security regulations, C.F.R. §§ 404.1520(a)-(f) (2003),  finding: (1) that Mr. Lawrence has not engaged in substantial gainful activity since the onset of his alleged disability; (2) that he suffers from a "severe impairment," as that term is interpreted for purposes of the Social Security Regulations; (3) that Mr. Lawrence does not have an impairment, or combination of impairments, that rises to the level of any impairment listed in Appendix 1 to Subpart P, Regulation No. 4; (4) that his impairment prevents him from performing his past work; but (5) that Mr. Lawrence retains the residual functional capacity ("RFC") to perform medium work.[2]

Plaintiff contends that the findings of the ALJ are not supported by substantial evidence because: (1) the ALJ failed to assess Plaintiff's obesity when deciding that Plaintiff could perform medium work; (2) the ALJ improperly rejected Plaintiff's subjective complaints of pain; (3) the ALJ improperly found that Plaintiff retained RFC to perform medium work because Plaintiff cannot work on a regular and continuing basis and because the ALJ failed to obtain the assessment of a treating physician; and (4) the ALJ erred in relying on the Medical-Vocational Guidelines instead of calling a vocational expert to testify.

The Defendant argues that the ALJ properly found that Plaintiff retained the RFC to perform medium work based on: (1) a credibility determination that Plaintiff's pain was not as severe as Plaintiff contended; (2) objective medical evidence in the record; (3) Plaintiff's own testimony regarding his daily activities; (4) the treating physician's notes indicating no

_____

[2] "Medium work" is defined as work involving the "lifting of no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  20 C.F.R. § 404.1567(c).

neurosensory deficits in Plaintiff's lower extremities; and (5) Dr. Chakales's opinion that

Plaintiff is capable of lifting and carrying up to fifty pounds on an occasional basis, that he can

sit for six hours out of an eight-hour work day, that he can occasionally climb, balance, stoop,

crouch, kneel, and crawl, and can push and pull on a frequent basis.

III.    Legal Analysis:

        In reviewing the decision of the ALJ, this Court must determine whether there is

substantial evidence in the administrative record to support the Commissioner's decision.  42

U.S.C. § 405(g).  This review function is limited, and the decision of the ALJ must be affirmed

"if the record contains substantial evidence to support it."  *Edwards v. Barnhart,* 314 F.3d 964,

966 (8th Cir. 2003).  "Substantial evidence is less than a preponderance but enough so that a

reasonable mind could find it adequate to support the decision." *Id.*  Evidence that both supports

and detracts from the ALJ's decision must be considered, but the decision cannot be reversed

"merely because there exists substantial evidence supporting a different outcome." *Id.*  "Rather,

if, after reviewing the record, . . . it is possible to draw two inconsistent positions from the

evidence and one of those positions represents the [ALJ's] findings, we must affirm the decision

of the [ALJ]."  *Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000) (citations and quotations omitted).

Thus, the Court's function on review is to determine whether the Commissioner's decision is

supported by substantial evidence on the record as a whole and whether it is based on legal error.

*Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).

A.      Failure to Assess Plaintiff's Obesity:

        Plaintiff complains that the ALJ improperly failed to consider obesity as a limitation on

his ability to perform medium work.  Plaintiff raised obesity as a disabling factor for the first

time in this proceeding.  He did not raise obesity as a functional limitation either in his

application for disability benefits or in the hearing before the ALJ.  See *Pena v. Chater,* 76 F.3d

906, 909 (8th Cir. 1996) (noting that the ALJ is under no "'obligation to investigate a claim not

presented at the time of the application for benefits and not offered at the hearing as a basis for

disability'") (quoting *Brockman v. Sullivan,* 987 F.2d 1344, 1348 (8th Cir.1993)).  See also

*Anderson v. Barnhart,* 344 F.3d 809, 814 (8th Cir. 2003) (claim of obesity waived on appeal

because claimant did not raise or argue any limitation based on obesity to the ALJ); and *Conklin*

*v. Barnhart,* No. 06-1502, 2006 WL 3359666, *4 (8th Cir. Nov. 21, 2006) (same).  Thus,

Plaintiff has waived the issue of obesity, and it would not be proper to consider this alleged

impairment at this point in the case.

B.      Plaintiff's Subjective Complaints of Pain:

        The ALJ acknowledged Mr. Lawrence's subjective complaints of severe disabling back

pain and considered these subjective complaints under the guidelines set out in *Polaski v.*

*Heckler*, 751 F.2d 943 (8th Cir. 1984).  (Tr. 16)  The ALJ noted that Mr. Lawrence may indeed

have some level of discomfort, but discredited the Plaintiff's testimony regarding the intensity of

the pain.   The ALJ is in the best position to gauge the credibility of testimony, and those

credibility determinations are entitled to some deference.  *Estes v. Barnhart*, 275 F.3d 722, 724

(8th Cir. 2002).  In this case, the ALJ's conclusion is supported by the objective medical

evidence in the record.  Although X-rays show lumbar degenerative disc disease, no nerve root

involvement has been identified.  (Tr. 16)  In his orthopedic evaluation, Dr. Chakales opined that

Plaintiff retains the ability: to lift and carry up to 50 pounds occasionally; to use his hands, feet

and arms to grasp, manipulate, handle objects, feel objects, operate controls, and reach on a

frequent basis; and climb, balance, stoop, crouch, kneel, and crawl on an occasional basis.  (Tr. 101)

The ALJ also considered Plaintiff's reported daily activities, including doing laundry and sometimes washing dishes and cooking, changing sheets, and vacuuming and sweeping.  (Tr. 16; 57)  Plaintiff also watches television and reads.  See, *e.g., Johnston v. Shalala,* 42 F.3d 448 (8th Cir. 1994) (affirming ALJ's discrediting claimant's allegation of disabling pain because applicant could read, watch television and drive,[3] indicating that her ability to concentrate was not affected by pain).

The ALJ found that Plaintiff is currently taking only over-the-counter pain medications. Plaintiff indicated in his Disability Report - Appeal that he is taking no medications currently for his condition.  (Tr. 53)  In his Disability Supplemental Outline, he reports taking Vicodin, Percocet and hydrocodone for pain, but he fails to list the dosage or frequency at which those drugs are taken.  (Tr. 59)  In fact, the last indication of prescription pain medication is April 29, 2003, when Dr. Adam Gray prescribed Percocet for pain associated with a re-broken finger.  (Tr. 83) There is no mention of back or leg pain at that visit, and the Percocet prescription was designated as "no refills."  (Tr. 83) Several weeks prior to that visit, on April 1, 2003, Plaintiff had been prescribed Vicodin for the original finger fracture caused by a television falling on his hand.  (Tr. 84) Again, there was no mention of back or leg pain at that office visit.[4]  Although

---

[3] Mr. Lawrence does not drive, but this apparently is not connected in any way to his current application for disability benefits.  (Tr. 107)

[4] Plaintiff does not contend that the broken finger, or re-broken finger, are limitations to be considered in this case. (Tr. 118)

Plaintiff had been prescribed Vicodin and Skelaxin[5] on July 2, 2002 (Tr. 85), for complaints of lumbar back pain, the Vicodin prescription apparently was not in effect when the finger fracture occurred subsequently, in April, 2003.

Plaintiff is currently incarcerated in the Arkansas Department of Correction ("ADC"). (Tr. 107)  ADC records do not indicate that Plaintiff is currently on any prescription medications or therapy of any kind. (Tr. 95-98) See *Curran-Kicksey v. Barnhart,* 315 F.3d 964, 969 (8th Cir. 2003) ("[E]vidence that [the claimant] did not regularly require prescription medication or physical therapy could create doubt in a  reasonable adjudicator's mind with regard to her testimony about the extent of her pain."); see also *Baker v. Barnhart,* 457 F.3d 882, 893-894 (8th Cir. 2006).

C.      ALJ's Finding Regarding Plaintiff's Ability to Work and Failure to Obtain Assessment
        of Treating Physician:

For his third point, Plaintiff contends that he is unable to perform medium work because he cannot work an eight-hour day.  The ALJ did consider Plaintiff's contention that he is unable to work eight hours a day, five days a week.  (Tr. 16)  However, the ALJ discredited this testimony because there is no medical opinion in the record indicating such a limit.

Plaintiff also complains that the ALJ erred by failing to contact his treating physician. "[C]ontacting a treating physician is necessary only if the doctor's records are 'inadequate for us to determine whether [the claimant is] disabled' such as 'when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and

_____

[5]  Skelaxin was prescribed for muscle spasms.  (Tr. 85)

laboratory diagnostic techniques.'" *Goff v. Barnhart,* 421 F.3d 785, 791 (8th Cir. 2005) (citing

20 C.F.R. §§ 404.1512(e), 416.912(e)).

The ALJ had the benefit of medical records from Plaintiff's free-world physician, Dr.

Gray, and also the records of the ADC.  In addition, the ALJ ordered a orthopedic consult, and

asked Plaintiff's counsel to recommend such an expert:

> ALJ:   Okay.  All right.  I think that's what we ought to do, [Plaintiff's counsel]
> Mr. Bartels, I think I'm going to tell them to schedule it for an orthopedic
> CE.  I'm not too fond of the one they sent him to at Heber Springs. . . . I
> think, you know he usually doesn't find much wrong with anybody, you
> know.  I'd like to send him to somebody else.  Do you have anybody over
> in Jonesboro that's doing these thing, Mr. Bartels . . . . are there any
> orthopedic consultative [doctors] over there?

(Tr. 118)  Ultimately, Plaintiff was referred to Dr. Chakales, who examined Plaintiff and

concluded that he retained the abilities noted above.

Plaintiff appears to read *Nevland v. Apfel*, 204 F.3d 853 (8th Cir. 2000), too broadly.  In

that case, unlike the case at bar, there was *no medical evidence* about how the claimant's

impairments affected his ability to function.  In any event, the *Nevland* Court did not hold that a

finding of RFC must be supported by a treating physician's assessment.  Rather, the holding in

*Nevland* was that, "the opinions of doctors who *have not examined* the claimant ordinarily do not

constitute substantial evidence on the record as a whole."  *Id.* at 858 (emphasis added).  The

Court held:

> In our opinion, the ALJ should have sought such an opinion from Nevland's treating
> physicians *or, in the alternative, ordered consultative examinations,* including psychiatric
> and/or psychological evaluations to assess Nevland's mental and physical residual
> functional capacity.

*Id.* (emphasis added).  In this case, the ALJ properly and appropriately ordered and relied upon a

7

consultative examination.

D.      ALJ's Reliance on Medical-Vocational Guidelines:

Plaintiff next argues that the ALJ erred in failing to call a vocational expert and relying, instead, upon Medical-Vocational Guidelines.

Once the ALJ found that Mr. Lawrence is unable to perform his past relevant work, the burden shifted to the Commissioner to show other jobs in the economy that Mr. Lawrence is capable of performing.  *Tucker v. Heckler,* 776 F.2d 793, 795 (8th Cir. 1985).  The Secretary may carry this burden by reference to the Medical-Vocational Guidelines so long as the claimant suffers solely from exertional impairments. *Parsons v. Heckler,* 739 F.2d 1334, 1339 (8th Cir.1984).  There was no requirement that the ALJ call a vocational expert given his findings regarding Plaintiff's impairments.

IV.  Conclusion:

In summary, the Court finds that there is substantial evidence in the record to support the Commissioner's denial of DIB to Plaintiff.  It is clear, as the ALJ pointed out, that Plaintiff suffers from several impairments which cause him pain and discomfort.  However, there is sufficient evidence in the record to support the ALJ's assessment that Plaintiff retains the capacity to perform medium work.

Accordingly, Plaintiff's appeal is DENIED.  The Clerk is directed to close the case.

IT IS SO ORDERED this 26th day of January, 2007.

_____

Beth Deere
United States Magistrate Judge